## B. MOSELY *v.* THE STATE.

ASSAULT WITH INTENT TO RAPE. — In a prosecution for an assault with intent to commit rape on a female under the age of ten, the allegation of the age of the female is descriptive and material, and must be proved. It is not optional with the State to abandon that allegation, and proceed as on an ordinary indictment.

APPEAL from the District Court of Tarrant. Tried below before the Hon. A. J. HOOD.

The punishment assessed was six years and a half in the penitentiary.

*J. S. Davis*, for the appellant.

*W. B. Dunham*, for the State.

WINKLER, J.   The indictment charges the appellant with an assault with intent to commit the offence of rape upon a girl under ten years of age.   Though the girl alleged to have been assaulted, and also her mother, appear to have testified at the trial, neither they nor either of them, nor any other witness, testified to the age of the girl upon whom the assault is alleged.   The proof did not sustain the descriptive averment in the indictment, and for this reason the judgment must be reversed.   From the testimony, as set out in the statement of facts, and from the charge of the court, we conclude that the averment as to the tender age of the assaulted party was not sustained, and that it was abandoned on the trial.   This was not permissible under the averments of the indictment.

The charge of the court as to the law of an assault with intent to commit rape upon a female, without regard to age, is deemed appropriate and sufficient in a proper case.   But, from the evidence as we find it set out, we are of opinion the court should, in such a case, have submitted to the jury a proper charge on aggravated assault in connection with the charge on the subject of an assault with intent to commit rape, as part of the law of the case.

Because of the defect in the evidence, the judgment will be reversed and a new trial awarded.

*Reversed and remanded.*